**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HARVEY WILLIAM HUGUNIN,**

    **Plaintiff,**

**v.**                                          **Case No. 8:16-cv-1327-T-30TBM**

**JPMORGAN CHASE BANK, N.A.,**[1]

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The statute also states that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action . . . is

---

[1] Plaintiff identifies the Defendant as "Chase." Attachments to his Complaint reveal "Chase" to be JPMorgan Chase Bank, N.A. (*See* Doc. 1-1 at 8-9).

frivolous[2] or malicious [or] fails to state a claim on which relief may be granted . . ..." *Id.* § 1915(e)(2).

Initially, I find that Plaintiff fails to demonstrate indigency.[3] In his Affidavit, Plaintiff states that he has "[t]otal cash in banks, savings and loan associations, prisoner accounts, financial institutions, other repositories, or anywhere else" of $5,422.00. (Doc. 2 at 3). He reports receiving $257.00 per month in "[p]ensions, annuities, or life insurance payments" and $762.00 per month in social security payments. *See id.* He also reports a monthly obligation for housing of $252.00, but does not indicate any other financial obligations.

In sum, the Affidavit reveals that Plaintiff has assets totaling over $5,000.00 and a monthly income over $1,000.00, and no financial obligations aside from his monthly rental of $252.00. In these circumstances, I find Plaintiff fails to demonstrate his inability to pay the filing fee and entitlement to indigent status. *See Visconti v. Astrue*, No. 3:08-cv-430-J-33MRC, 2008 WL 2385517, *1 (M.D. Fla. 2008) (stating that *in forma pauperis* status should be bestowed only upon those that are truly indigent). Plaintiff's construed motion should be denied on this basis.

---

[2]A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation omitted).

[3]Plaintiff's Affidavit of Indigency is not notarized. However, his signed statement that "I understand that any false statement(s) of a material fact contained herein may serve as the basis of prosecution and conviction for perjury of making false statements. . . . I certify that all questions contained herein have been answered and are true and correct . . .," is sufficient to satisfy the requirements of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1746.

The construed motion should be denied on substantive grounds as well.  The Complaint (Doc. 1) fails to meet the requirements of Federal Rule of Civil Procedure 8, which requires that the complaint contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(1), (2).  Contrary to these requirements, the Complaint does not include jurisdictional allegations or set forth a claim showing entitlement to relief.

To the contrary, the Complaint fails to state a cognizable cause of action.[4]  By Plaintiff's allegations, he is attempting to sue Chase Bank and certain of its managers/officers for "identify theft conspiracy" or "attempted identify theft" because Chase Bank refused to cash his check after issuing him a new debit card.[5]  (Docs. 1, 2).  However, aside from those allegations, the Complaint lacks any factual allegations to support a claim for civil theft under Florida law or any other cognizable state or federal claim and, therefore, is facially deficient.  Indeed, it is impossible to ascertain the exact nature of the claim Plaintiff is intending to assert.  It also is unclear as to whether he intended to name certain individuals as defendants instead of or in addition to Chase Bank.  Consequently, even though the Complaint is

---

[4]*Pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir.), cert. denied, __ U.S. __, 135 S. Ct. 759 (2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008)).  The court, however, cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

[5]Plaintiff attaches to the Complaint a letter from the VA regarding his monthly benefit, a photocopy of his debit card, and photocopies of banking printout receipts and the check he attempted to cash.  (Doc. 1, Exs.).  He seeks "to receive punitive cash payments" from Chase Bank.  (Doc. 1).

construed liberally in Plaintiff's favor, the allegations fail to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

For these reasons, it is **RECOMMENDED** that the Court **DENY** the construed motion (Doc. 2) and **DISMISS** the Complaint (Doc. 1) without prejudice.  Should Plaintiff desire to pursue this matter, it is **RECOMMENDED** that he be directed to pay the filing fee and allowed to file an amended complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

>Respectfully submitted this
>2nd day of August 2016.
>
>THOMAS B. McCOUN III
>UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable James S. Moody, United States District Judge
*Pro se* Plaintiff